IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IMEN GHARBI and HATTAB (Ben) GHARBI**, as Administrators of the Estate of E.G., dec'd and in their own right, | : : : : : | Civil No. 1:19-cv-1006-SHR |
| Plaintiffs, | : : | |
| v. | : : | |
| **POTACIA W. FRANCIS, M.D.** and **UPMC PINNACLE HOSPITALS** t/d/b/a **UPMC PINNACLE HARRISBURG**, | : : : : : : | |
| Defendants. | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is the motion to dismiss (Doc. 4) filed by Defendant Dr. Potacia W. Francis, M.D. ("Dr. Fancis"). Because the motion has merit and Plaintiffs Imen Gharbi, Hattab Gharbi, and E.G. ("Plaintiffs") have failed to properly respond to it, the court will grant the motion without prejudice.

### **I. BACKGROUND**

On March 7, 2019, Plaintiffs filed a complaint in the Dauphin County Court of Common Pleas ("State Court") against Dr. Francis and "UPMC Pinnacle Hospitals, t/d/b/a UPMC Pinnacle Harrisburg," ("UPMC"; collectively, "Defendants"), asserting negligence, survival, and wrongful death claims, all based on the allegation that Dr. Francis, and other UPMC employees, caused the death of

Imen and Hattab's son, E.G., by negligently delivering him. (*See* Doc. 1-2, at pp. 9-22.) On April 17, 2019, Plaintiffs filed an amended complaint. (*Id.* at pp. 35-46.) On June 13, 2019, Dr. Francis removed the case to federal court, asserting she was a federal employee covered by the Federal Tort Claims Act ("FTCA"), entitling her to have all state law tort claims brought against her in federal court. (Doc. 1, p. 2.) The notice of removal included a declaration by an Assistant United States Attorney for the Middle District of Pennsylvania certifying Dr. Francis was in fact acting as an employee of the United States Federal Government during the delivery of E.G., entitling her to FTCA protection. (Doc. 1-3.)

Six days later, the United States of America ("United States") filed a notice of substitution that it was the proper defendant in place of Dr. Francis. (Doc. 3.) The United States filed a motion to dismiss the next day, arguing the court lacked subject matter jurisdiction over Plaintiffs' claims against the United States because Plaintiffs had failed to exhaust their administrative remedies by first filing a complaint with the Department of Health and Human Services ("DHHS"). (*See generally*, Doc. 5.) Plaintiffs never responded to the motion.

On September 23, 2019—over three months after the motion to dismiss was filed, and over two months after Plaintiffs' response was due—the court issued an order to show cause, instructing Plaintiffs to explain, within ten days, why the motion should not be granted. (Doc. 7.)

Four days later, Plaintiffs filed an ill-conceived and incoherent "Response" to the order to show cause, wherein Plaintiffs asserted four arguments: (1) their claims are meritorious; (2) Plaintiffs had never pleaded "that Mrs. Gharbi was ever seen at Hamilton Health Center, or any other medical clinic associated with the state's Patient Health Service (PHS), or that any of the providers caring for Mrs. Gharbi at UPMC Pinnacle are federal employees"; (3) "Plaintiffs have no definitive proof of Dr. Francis' employment status"; and (4) Plaintiffs fear that litigating the case in federal court, without knowing Dr. Francis's employment status, could result in the statute of limitations running on their claims. (Doc. 10.) Plaintiffs make no effort to explain why they failed, for two months, to respond to the motion, nor do they address whether they did file a complaint with the DHHS.

## II. DISCUSSION

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the court has jurisdiction over the dispute before it. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). If a party introduces evidence to demonstrate the court's lack of jurisdiction, it is considered a "factual attack," entitling the court to "consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Id.* A court properly dismisses a claim for lack of subject matter jurisdiction, pursuant to the FTCA, if the plaintiff has failed to exhaust all administrative remedies. *Miller v. United States*,

517 F. App'x 62, 62-63 (3d Cir. 2013); *White-Squire v. United States Postal Serv.*, 592 F.3d 453, 457-58 (3d Cir. 2010) (citing 28 U.S.C. § 2675(b)).

Here, the United States made a *prima facie* showing that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction. It introduced evidence establishing the factual basis for its claim that Dr. Francis was a federal employee and thus entitled to FTCA protections, including the administrative processing of complaints against her before a party files suit in court. (Doc. 1-3.) Plaintiffs failed to respond to the motion within the fourteen days allotted under Local Rule 7.6, which states that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." On this fact alone, the court is inclined to grant the motion. *United States v. Eleven Vehicles*, 200 F.3d 203, 214-15 (3d Cir. 2000) ("[I]t is not an abuse of discretion for a district court to impose a harsh result . . . when a litigant fails to strictly comply with the terms of a local rule."); *Smith v. Oelenschlager*, 845 F.2d 1182, 1184-85 (3d Cir. 1988) (affirming dismissal of case for party's failure to comply with local rules).

Nonetheless, accidents happen, so the court granted Plaintiffs the opportunity to explain why, months after their response was due, they had failed to file anything with the court. Instead of courteously explaining the reason for their error, Plaintiffs act as if they did nothing wrong, apparently adopting the Obi-Wan Kenobi strategy of acting as if "these aren't the [deadlines] you're looking for." In addition to being

untimely, and lacking a coherent argument, the brief violates Local Rule 7.8(a), which requires the parties to cite the authorities supporting their arguments so the court is not forced to conduct the parties' legal research on their behalf. The court will nonetheless do its best to address each argument in turn.

Plaintiffs' first argument is irrelevant—the question of whether the court has jurisdiction is separate from whether the case is meritorious. *See Gould Electronics Inc.*, 220 F.3d at 178. Plaintiffs' second argument appears to rely upon the misconception that the court is bound by the pleadings in resolving a factual attack under Rule 12(b)(1). Plaintiffs' third argument suggests that the court can only dismiss a case for lack of subject matter jurisdiction if the Plaintiff is subjectively assured that the evidence establishes, as a metaphysical certainty, that the court has no jurisdiction—a position having no basis in law. And Plaintiffs' fourth argument does not so much amount to a legal argument—which, again, would require citation to legal authority—as much as an expression of fear.

But perhaps Plaintiffs should listen to Obi-Wan less and Yoda more, for "[f]ear is the path to the dark side." The remedy for Plaintiffs' counsel's fear is legal research[1] and diligence—including monitoring the filing of dispositive motions in

---

[1] In fact, the first case appearing on Westlaw under the search "'FTCA' /20 'Statute of limitations'" quickly resolves Plaintiffs' statute of limitations concern. *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 193-94 (3d Cir. 2009) ("[A]n errant plaintiff whose suit is removed to a district court, and then dismissed because she failed to bring the timely required administrative claim, will be credited with the date that she filed her claim in the wrong forum for purposes of the FTCA's statute of limitations.") (citing 28 U.S.C. § 2679(5)).

their cases; reviewing the local rules of the courts they litigate before; complying with court orders; and only submitting briefs containing legal arguments structured in the traditional format of logic. Having not done any of these basic lawyering tasks, Yoda would say: "That is why you fail."

### III. CONCLUSION

For the reasons outlined above, the court will grant the motion, dismissing, without prejudice, Plaintiffs' claims against the United States for failure to exhaust their administrative remedies. Should this case return to this court, counsel would be well-advised to comply with the Federal Rules of Civil Procedure, including the Middle District's local rules.[2] An appropriate order shall follow.

Date: October 3, 2019

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

---

[2] The court would also advise counsel for the United States to more diligently review the court's local rules. The United States's motion to dismiss did not include a proposed order, as required by Local Rules 5.1(g) and 7.1. It also did not contain a statement of facts or a statement of the questions involved, as required by Local Rule 7.8(a). And the United States did not file its exhibits with its brief, as required by Local Rules 5.1(f) and 7.3; instead, the court was forced to fish out the declaration from Dr. Francis's notice of removal. Repeated failures to comply with the rules may result in the filings being rejected or not considered by the court.